UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOOTEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., KAMALA HARRIS; in their individual and official capacities; THE STATE OF CALIFORNIA, and THE UNITED STATES,<br><br>　　　　　Defendants. | No.  2:14-cv-2201 MCE DAD PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on November 7, 2014, for hearing of the motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by defendants State of California, Governor Edmund G. Brown Jr. and Attorney General Kamala D. Harris.  Plaintiff Robert Wooten, proceeding pro se in this action, appeared on his own behalf and Deputy Attorney General Paul Stein appeared telephonically on behalf of the moving defendants.

Upon consideration of the arguments on file and at the hearing, and for the reasons set forth below, the undersigned will recommend that defendants' motion to dismiss be granted.[1]

---

[1] On November 21, 2014, defendant United States of America filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, and noticed that motions for hearing

1

BACKGROUND

Plaintiff commenced this action on March 17, 2014, by filing a complaint, styled as a petition for redress, in the Sacramento County Superior Court. (Dkt. No. 1-1.) Plaintiff's complaint alleges that it was "a violation of the equal protection clause of the Fourteenth Amendment to the U.S. Constitution" for California Governor Edmund G. Brown and Attorney General Kamala D. Harris to refuse "to defend Prop. 8" in the cases of Perry v. Schwarzenegger, 704 F. Supp. 2d 921 (N.D. Cal. 2010) and In re Marriage Cases, 43 Cal.4th 757 (2008). (Compl. (Dkt. No. 1-1) at 4.)[2]

Plaintiff alleges that same sex marriage is a "violation of the constitutional proscription against licentiousness." (Id.) The complaint also alleges that it was "unconstitutional . . . when the State: permitted Governor Edmund G. Brown Jr. to run for a third term in violation of the constitutional limitation of two terms," (id.), and "challenges the authority, and or legality, of the U.S. District Court to conduct a trial in violation of the laws of . . . California . . . . [and] seeks a determination on the meaning and intent of the sponsors of the Fourteenth Amendment." (Id. at 5.)

This action was removed to this court on September 23, 2014, by the United States of America pursuant to 28 U.S.C. § 1442.[3] (Dkt. No. 1.) On October 6, 2014, plaintiff filed an emergency ex parte motion for an order shortening time (Dkt. No. 7) and an emergency ex parte

---

before the undersigned on December 19, 2014. (Dkt. No. 21.) In light of the recommendation set forth herein, that motion to dismiss will be denied, without prejudice to re-noticing, as having been rendered moot and will be dropped from the court's December 19, 2014 law and motion calendar.

[2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] The matter was initially assigned to a different Magistrate Judge and District Judge. However, on September 24, 2014, the United States of America filed a notice of related cases, indicating that this action was related to the earlier filed action of Robert Wooten v. The State of California, et al., No. 2:13-cv-0104 MCE DAD PS. (Dkt. No. 4.) On October 8, 2014, the District Judge assigned in this action issued an order relating and reassigning this action "to Judge Morrison C. England, Jr. and Judge Dale A. Drozd for all further proceedings" and vacating all previously set hearings. (Dkt. No. 14.)

1  motion for remand.[4]  (Dkt. No. 8.)  On October 8, 2014, defendants State of California, Governor
2  Edmund G. Brown Jr. and Attorney General Kamala D. Harris filed the motion to dismiss now
3  pending before the court.  (Dkt. No. 10.)  On October 10, 2014, the defendants' motion to dismiss
4  was noticed for hearing before the undersigned.  (Dkt. No. 16.)  Plaintiff filed an opposition to
5  defendants' motion on October 20, 2014, styled as a reply.  (Dkt. No. 17.)

## STANDARDS

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

---

[4] Those motions were noticed for hearing before the Magistrate Judge previously assigned to this case.  However, when this action was reassigned those hearing dates were vacated.  (Dkt. No. 14.)  Plaintiff has not re-noticed those motions for hearing before the undersigned.  Accordingly, those motions will be denied without prejudice to them being properly re-noticed for hearing.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## ANALYSIS

I.   Eleventh Amendment Immunity

The Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). See also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

/////

Under an exception to Eleventh Amendment immunity, a plaintiff may bring suit in federal court against a state officer acting in violation of federal law for prospective injunctive or declaratory relief. Ex parte Young, 209 U.S. 123 (1908); see also Pennhurst, 465 U.S. at 102-06. But "[t]his exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). See also Edelman v. Jordan, 415 U.S. 651, 678 (1974) (holding that a federal court may enjoin an official's future conduct, but may not award retroactive monetary relief).

Here, plaintiff's complaint does not seek prospective relief against any state officer for a violation of federal law. Instead, in his complaint plaintiff seeks orders declaring that: the California "[g]overnorship is limited to two terms, period;" "[t]here is no provision which permits the Officers of the Executive Branch to abdicate its constitutional duties;" "[t]here is no provision which permits private persons to replace the Officers of the Executive Branch when such Officers are commanded to appear in defense of the law for the State;" "[l]icentiousness is condemned in the California Constitution as well as in the United States, "[t]he Fourteenth Amendment applies the Bill of Rights against the State of California;" and "[p]roposition Eight is the last and final word in regards to same sex [marriage]." (Compl. (Dkt. No. 1-1) at 61.)

Accordingly, defendants' motion to dismiss plaintiff's complaint should be granted because they are entitled to immunity under the Eleventh Amendment.

II.     Standing

"Article III of the Constitution requires a party to have standing to bring its suit." Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 865 (9th Cir. 2014). The elements of standing are well established: the party must have suffered (1) an "injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of," meaning the injury has to be "fairly traceable to the challenged action of the defendant"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be

redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (alteration, ellipsis, citations, and internal quotation marks omitted).

> An injury in fact is an invasion of a legally protected interest that is both (1) concrete and particularized and (2) actual or imminent, as opposed to conjectural or hypothetical. Causation is satisfied so long as the injury is fairly traceable to the defendant's allegedly unlawful conduct. Finally, redressability requires only that the injury be likely to be redressed if the requested relief is granted.

El Dorado Estates v. City of Fillmore, 765 F.3d 1118, 1121 (9th Cir. 2014) (citations and internal quotation marks omitted).

Here, plaintiff's complaint fails to allege that he has suffered a concrete and particularized injury that could be traced to the alleged conduct of a defendant. Instead, plaintiff's complaint is made up simply of a lengthy recitation of why he opposes same sex marriage, the defendants' decision to forgo the defense of California's Proposition 8 and how their decision in that regard allegedly harmed the citizens of California. Thus, in his complaint plaintiff alleges that "[b]oth Brown and Harris have deprived the peopled of the State of California of the 'due process of law,' and the equal protection of the law,'" (Compl. (Dkt. No. 1-1) at 7-8), and that "[t]his failure by Brown and Harris, deprived the people of the legal resources of the State . . . ." (Id. at 11.)

The Supreme Court has "repeatedly held that such a 'generalized grievance,' no matter how sincere, is insufficient to confer standing. A litigant 'raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.'"[5]

---

[5] Moreover, as noted above, plaintiff seeks an order from this court declaring that the Governor of California may only serve two terms in office, that the "Officers of the [state of California's] Executive Branch" may not "abdicate its constitutional duties," that "[l]icentiousness is condemned in the California Constitution," and that "Proposition Eight is the last and final word in regards to same sex" marriage. (Compl. (Dkt. No. 1) at 61.) The undersigned is not aware of any authority under which it could enter such an order under the circumstances presented. "If a court is unable to render 'effective relief,' it lacks jurisdiction . . . ." McCullough v. Graber, 726 F.3d 1057, 1059 (9th Cir. 2013) (quoting Pub. Util. Comm'n of State of Cal. v. F.E.R.C., 100 F.3d 1451, 1458 (9th Cir. 1996)). See also United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir. 1984) ("We cannot take jurisdiction over a claim as to which no effective relief can be granted.").

1 Hollingsworth v. Perry, --- U.S. ---, ---, 133 S. Ct. 2652, 2662 (2013) (quoting Lujan, 504 U.S. at
2 573-74).  See also Lance v. Coffman, 549 U.S. 437, 439 (2007) ("Our refusal to serve as a forum
3 for generalized grievances has a lengthy pedigree."); Amsterdam v. Abercrombie, No. 13-0649
4 SOM-KSC, 2014 WL 689764, at *2-3 (D. Hawaii Feb. 19, 2014) ("Amsterdam simply fails to
5 articulate a legally cognizable injury.  Amsterdam argues that the Act is contrary to and
6 undermines Hawaii's Motto and the religious, cultural moral values of the Plaintiff and the
7 majority of Native Hawaiians.  Amsterdam further asserts that same-sex sexual relations are a
8 desecration of the land and as such weaken and destroy the health and well-being of the land, the
9 Native Hawaiian People, the population-at-large, and the Plaintiff.  These generalized grievances
10 reflect Amsterdam's disapproval of the legislature's judgment, not a concrete and particularized
11 injury to him personally.")

12 Accordingly, defendants' motion to dismiss should also be granted because plaintiff lacks
13 standing to bring the claims stated in his complaint.

## LEAVE TO AMEND

15 For the reasons explained above, defendants' motion to dismiss should be granted.  The
16 undersigned has carefully considered whether plaintiff may amend his complaint to state a claim
17 that would provide this court with subject matter jurisdiction.  "Valid reasons for denying leave to
18 amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
19 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
20 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
21 while leave to amend shall be freely given, the court does not have to allow futile amendments).

22 Here, in light of the nature of plaintiff's allegations and the clear lack of subject matter
23 jurisdiction over plaintiff's claims, the undersigned finds that granting leave to amend would be
24 futile.[6]

---

[6] On November 7, 2014, the day of the hearing of defendants' motion to dismiss, plaintiff filed an amended complaint labeled as a "2nd Amended Petition For Redress." (Dkt. No. 20.) Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b).  See FED. R. CIV. P. 15.  In all other cases, a plaintiff may amend his complaint with defendants' written consent or the court's leave.  Id.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 6, 2014, emergency ex parte motions (Dkt. Nos. 7 & 8) are denied without prejudice because they have not been properly noticed for hearing before the undersigned; and

2. The November 21, 2014 motion to dismiss (Dkt. No. 21) filed by defendant United States is denied without prejudice as having been rendered moot and is dropped from the court's December 19, 2014 law and motion calendar.[7]

And IT IS HEREBY RECOMMENDED that:

1. Defendants' October 8, 2014 Motion to Dismiss (Dkt. No. 10), re-noticed for hearing before the undersigned on October 10, 2014 (Dkt. No. 16), be granted;

2. Plaintiff's complaint filed March 17, 2014 (Dkt. No. 1-1) be dismissed without leave to amend; and

3. This action be closed due to the court's lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

---

Here, at the time plaintiff filed his amended complaint more than twenty-one days had lapsed since the defendants served their responsive pleading and plaintiff has not sought the court's leave or obtained defendants' written consent to amend.  Nonetheless, the undersigned has reviewed the proposed amended complaint in evaluating whether leave to amend should be granted.  Plaintiff's proposed amended complaint, however, suffers from same defects as his original complaint with respect to the lack of subject matter jurisdiction.  In this regard, plaintiff's proposed amended complaint, while similar to his original complaint, asserts that "the judicially created, self-serving idiom of 'standing' is not pertinent" and clarifies that plaintiff's "immediate concern . . . is that homosexuals are now allowed to take the Oath of Office to hold positions of public trust . . . ." (Dkt. No. 20 at 2, 5.)

[7] In the event the assigned District Judge does not adopt these findings and recommendations and this action is not dismissed, defendant United States may re-notice its motion for hearing before the undersigned.

8

shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\wooten2201.mtd.f&rs.docx